47 CCPA

**Application of Eugene J. LORAND and John E. Reese (deceased) (Hercules Powder Company, Assignee, Substituted).**

**Patent Appeal No. 6482.**

United States Court of Customs
and Patent Appeals.

May 24, 1960.

Rehearing Denied July 20, 1960.

Clinton F. Miller, Wilmington, Del., for appellant.

Clarence W. Moore, Washington, D. C. (Joseph Schimmel, Washington, D. C., of counsel), for Comr. of Patents.

Before WORLEY, Chief Judge, RICH, MARTIN, and SMITH, Judges, and WILLIAM H. KIRKPATRICK, Judge.[1]

SMITH, Judge.

This appeal is from the decision of the Board of Appeals affirming the examiner's rejection of claims 26 through 32 of appellant's patent application on a process for oxidizing cumene to produce cumene hydroperoxide.

Claim 26 is representative of the claims on appeal and reads:

"26. The process of oxidizing cumene which comprises adding a peroxidic oxidation initiator to a reaction mixture comprising essentially cumene in liquid phase and intimately contacting said reaction mixture with an oxygen-containing gas under anhydrous, noncatalytic conditions in the presence of an alkaline stabilizing agent at a temperature between about 50° and about 150° C. to form a substantial yield of a,a-dimethylbenzyl hydroperoxide."

Inasmuch as the remaining claims, 27, 28, 29, 30, 31 and 32 merely specify reagents and quantities not deemed to be essential to a determination of the issues presented, those claims will stand or fall with claim 26.

The rejection by the examiner, affirmed by the board, was based upon a finding that applicants' invention would have been obvious to one skilled in the art.

The references cited are:

| | | |
|---|---|---|
| "Farkas et al. | 2,430,864 | November 18, 1947 |
| "Brewer | 2,447,794 | August 24, 1948 |
| "Hock et al. | Berichte Deut. Chem. Gesell., Vol. 77, (1944) pp. 257–264." | |

Farkas et al. discloses a process for oxidizing naphthenes to their hydroperoxides in which naphthenes in the liquid phase are in contact with an oxygen-con-

---

[1]. United States Senior Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge O'CON-NELL*, pursuant to provisions of Section 294(d), Title 28 U.S.C.

taining gas in the presence of naphthene peroxides as the oxidation initiators and in the presence of a basically reacting agent such as granulated alkali metal carbonates and bicarbonates. The oxidation is carried out at atmospheric or elevated pressures, and at temperatures within the range of 150°F. to 350°F. Brewer discloses substantially the same process as Farkas et al. but applies it to straight chain saturated hydrocarbons.

Hock et al. discloses a process for oxidizing cumene to cumene hydroperoxide in which cumene and dry oxygen are agitated under ultraviolet light.

Appellant asserts that there are four essential steps or conditions in a process embodying the claimed invention:

"1. The addition of a peroxidic oxidation initiator to the reaction mixture,

"2. The use of non-catalytic conditions,

"3. The presence of an alkaline stabilizing agent in the reaction mixture, and

"4. Maintenance of anhydrous conditions in the reaction mixture."

It is conceded that Brewer, and more specifically Farkas et al. disclose these steps or conditions and all other particulars of the claimed process except that neither Brewer nor Farkas et al. apply their processes to the oxidation of alkyl substituted aromatic hydrocarbons as taught by applicants. Thus we are presented with the issue of patentability of these differences in view of the prohibition in 35 U.S.C. § 103.

Specifically, the issue to be here decided is whether it would have been obvious to a person having the ordinary skills in this art to apply the processes for the oxidation of saturated hydrocarbons as disclosed by both Brewer and Farkas et al. to alkyl substituted aromatic hydrocarbons as cumene.

The examiner found that Hock et al. disclosed that cumene could be oxidized to its hydroperoxide, and more specifically that this oxidation occurs in an an-

hydrous reaction of cumene in the liquid phase. In view of this disclosure, the examiner held that it would be obvious to one skilled in the art to accomplish the oxidation of cumene by using the explicit and detailed teachings of Farkas et al. and Brewer. The board affirmed the examiner and added the following comment:

"Cumene, which is isopropyl benzene, is an aliphatic hydrocarbon containing an aryl substituent. As a matter of fact in view of the disclosure in lines 27 to 37 of column 3 of Farkas et al. that the presence of 'a tertiary hydrogen atom facilitates peroxide formation', it is evident that cumene is particularly suitable for their process since it contains a 'tertiary H atom'."

Appellant seeks a reversal of the board contending that it would not be obvious to a person having the ordinary skills in this art to apply the teachings of Farkas et al. or Brewer concerning saturated hydrocarbons to aromatic hydrocarbons. However, with the specific disclosure of Farkas et al. before us, and with the teachings of Hock et al. known to a chemist as a part of the art, we agree with the concurring findings of the Board of Appeals and the examiner that the process here claimed would be obvious to one having the ordinary skills of this art.

Appellant, to avoid the Farkas et al. teaching, argues that the existence of a tertiary hydrogen atom on the tertiary carbon atom is not significant because in the prior art the tertiary carbon atom is a part of a cycloalkyl group, whereas in cumene the tertiary carbon is part of an alkyl chain. This argument is not persuasive in view of the Brewer teaching that the oxidation reaction will occur in straight chain alkyls. If applicant's argument for thus distinguishing over Farkas et al. is valid, then Brewer's teaching is most significant. We think it would be obvious to one having the ordinary skills of this art to apply the Farkas et al. process to the straight chain alkyls of Brewer. We are not persuaded that applicants have done any-

thing more in their claimed oxidation of cumene.

Appellant also points out the presence of the double bond in the aryl group, which double bond would be on a carbon atom adjacent to the tertiary carbon atom. The teachings of Hock et al. that the oxidation will occur without rupture of the aromatic ring makes this distinction without merit so far as the issue of obviousness is concerned. There is no basis in the record for assuming that the presence of the aryl group would have any effect on the reaction. Even if presence of the aryl group was significant, Farkas et al. discloses the use of stocks containing aryl groups (benzyls).

Appellant points out that both Brewer and Farkas et al. state in their specifications that the stock to which their processes are to be applied preferably should not contain more than 10% aromatic hydrocarbons. The stock specified by Brewer and Farkas et al. is straight cut gasoline, and there is nothing before us to negative the probability that cumene also is present in the aromatic hydrocarbons referred to. Appellant argues that we cannot speculate as to the reason for the limitation, yet appellant, in effect, asks us to speculate that the teachings of the references are not applicable to cumene. Since cumene is one of many possible aromatic hydrocarbons present, the most that can be properly inferred from the 10% limitation is that for some undisclosed reason the prior patentees desired to limit the amount of the aromatic hydrocarbons present in their stock. We do not find in this limitation adequate factual support for the inferences which appellant would have us draw from it.

It is the specific structure of cumene with the hydrogen atom on the tertiary carbon atom which permits the oxidation to occur. This structure is disclosed in Farkas et al. and was found by the board to be a sufficient teaching to make it obvious to one skilled in the art to apply the Farkas et al. process to the oxidation of cumene.

During the oral arguments, appellant was granted permission to file a memorandum with respect to two matters. The first was a motion by appellant to correct diminution of the record by the addition of two decisions of the Board of Appeals with respect to two patents issued to appellant. The language quoted by the appellant from those decisions, when viewed in the light of the facts of those cases, is not pertinent to the issue here. The motion is therefore denied.

Second, appellant was granted permission to discuss in a memorandum the decision of this court in In re Magat, 240 F.2d 351, 354, 44 CCPA 735. Appellant has pointed out many similarities between the facts and issue in the Magat case and the facts and issues in the instant case. However, appellant has overlooked the very significant consideration upon which the decision of the court was based in the Magat case, namely, that it was not "satisfactorily shown that it would be obvious to a skilled worker in the art that the processes shown by the French patent for producing polyurethanes by interphase condensation could be adapted to the production of spinnable polyamides." In the Magat case the Patent Office had not cited prior art having the required similarities to applicants' invention necessary to support its rejection that the invention was obvious to one skilled in the art. Here, by contrast, the Patent Office has found prior pertinent art from which it is reasonable to find that the invention here in issue would have been obvious to one skilled in the art.

Finding no reversible error in the decision below, we affirm the Board of Appeals.

Affirmed.